MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

FILED
CLERK
2012 MAY 11 AM 8:52
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Fabian Moran, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

E & W Food, Corp. (d/b/a CENTRAL MARKET) and WOLF LANDAU,

                *Defendants.*
-----------------------------------------------------------X

CV12 2326

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

GLEESON, J

LEVY, M.J.

Fabian Moran ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against E & W Food, Corp. (d/b/a Central Market) (the "Defendant Corporation" or "Central Market") Wolf Landau (together with the Defendant Corporation, "Defendants"), allege as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants Central Market and Wolf Landau.

2. Defendants own, operate, and/or control a supermarket located at 50-54 Division Avenue, Brooklyn, New York 11249 under the name "Central Market."

3. Defendant E & W Food Corp. is owned and operated by Individual Defendant Wolf Landau, as Central Market's Chairman and/or Chief Executive Officer.

4. Upon information and belief, Individual Defendant Wolf Landau serves as owner, principal or agent of Defendant E & W Food, Corp. (the "Defendant Corporation"), and through the corporate entity operates or operated Central Market as a joint or unified enterprise.

5. Plaintiff is a former employee of Defendants. He was ostensibly employed as a delivery worker.

6. However, as a delivery worker, the daily work performed by Plaintiff Moran entailed additional responsibilities that were not related to deliveries including, but not limited to: packing fruits, cereals, milks and other items purchased by the defendant's customers.

7. At all times relevant to this complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

8. Defendants failed to maintain accurate records of hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, whether at the straight rate of pay, or for any additional overtime premium.

9. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

10. Defendants employed and accounted for Plaintiff as delivery worker in their payroll, but in actuality his duties included greater or equal time spent in non-delivery, non-tipped functions such as packing fruits, cereals, milks and other items purchased by customers.

11. At all times, regardless of duties, Defendants paid Plaintiff Moran at the lowered tip-credited rate.

12. However, under both the FLSA and NYLL Defendants were not entitled to take a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

13. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff's actual duties in payroll records to avoid paying Plaintiff at the minimum wage rate, and to enable them to pay Plaintiff at the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

14. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

18. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Central Market, a supermarket located in this district. Further, Plaintiff was employed by Defendants in this district.

## THE PARTIES

*Individual Plaintiff*

19. Plaintiff Fabian Moran ("Plaintiff Moran " or ". Moran ") is an adult individual residing in Brooklyn, New York. Plaintiff Moran was employed by the Defendants from approximately April 2011 until April 2012.

*Defendants*

20. Defendants owned, operated, or controlled a supermarket located at 50 Division Avenue, Brooklyn, New York, under the name of Central Market, at all times relevant to this complaint.

21. Upon information and belief, Defendant E & W Food Corp. is a corporation organized and existing under the laws of the State of New York. Upon information and belief it maintains its principal place of business at 50-54 Division Avenue, Brooklyn, New York, New York 11249.

22. Defendant Wolf Landau is an individual engaging (or who was engaged) in business with this judicial district during the relevant time period. Defendant Wolf Landau is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation. Defendant Wolf Landau possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a supermarket in Brooklyn, New York.

24. Defendants maintain as their principal place of business a centralized office which is located at 50-54 Division Avenue, Brooklyn, New York 11249.

25. Individual Defendant, Wolf Landau, possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

26. Upon information and belief, Defendant Wolf Landau serves or served as Chairman and/ or Chief Executive Officer of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Defendants possess or possessed substantial control over the Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30. In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

31. Upon information and belief, Defendant Wolf Landau (1) operate E & W Food, Corp. as an alter ego of himself, and/or (2) fail to operate E & W Food, Corp. as an entity legally separate and apart from himself, by among other things,

(a) failing to adhere to the corporate formalities necessary to operate E & W Food, Corp. as a corporation,

(b) defectively forming or maintaining the corporate entity of E & W Food, Corp., by among other things failing to hold annual meetings or maintaining appropriate corporate records,

(c) transferring assets and debts freely as between all Defendants,

(d) operating E & W Food, Corp. for his own benefit as the sole or majority shareholders,

(e) operating E & W Food, Corp. for his own benefit and maintaining control over it as a closed corporation,

(f) intermingling assets and debts of his own with E & W Food, Corp., and

(g) diminishing and/or transferring assets to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

33. In each year from 2011 to the present, the Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As examples, numerous items that were used in the supermarket on a daily basis were produced outside of the state of New York.

### *Individual Plaintiff*

35. The Plaintiff is a former employee of the Defendants, who was employed to work in the supermarket, as a delivery worker; however, he performed a variety of duties unrelated to delivery work including packing fruits, cereals, milks and other food items.

36. He seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Fabian Moran*

37. Plaintiff Moran was employed by the Defendants from approximately April 2011 until April 2012.

38. Defendnats ostensibly employed Plaintiff Moran as a deliveryman. However, Plaintiff Moran was also required to perform additional duties unrelated to delivery work including packing fruits, cereals milk and other food items.

39. Although Plaintiff Moran was ostensibly employed as a delivery worker, he spent more than three hours on a daily basis performing non-delivery work throughout his employment with Defendants.

40. Plaintiff Moran's work duties required neither discretion nor independent judgment.

41. Plaintiff Moran regularly handled goods in interstate commerce, such as food, soft drinks and, other products produced outside of the State of New York.

42. Plaintiff Moran regularly worked in excess of 40 hours per week.

43. From approximately April 2011 until April 2012, Plaintiff Moran worked a schedule from 11:00 a.m. to 12:00 a.m. on Mondays, Tuesdays and Wednesdays, from 10:00 a.m. to 1:00 a.m. on Thursdays, and from 7:00 a.m. to 5:00 p.m. on Fridays (typically 67 hours per week).

44. Throughout his employment with the Defendants, Plaintiff Moran was paid his wages in cash.

45. From approximately April 2011 until april 2012, Plaintiff Moran was paid $380.00 per week.

46. Plaintiff Moran's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. Defendants granted Plaintiff Moran a 30-minute meal break but recorded it as if he had taken a full 1-hour break.

48. Plaintiff Moran did not keep any of the tips he received for making deliveries

49. No notification, either in the form of posted notices, or other means, was given to Plaintiff Moran regarding overtime and wages as required under the FLSA and NYLL.

*Defendants' General Employment Practices*

81.     Defendants regularly required Plaintiff to work in excess of 40 hours per week without paying him the proper minimum and overtime wages or spread of hours compensation.

82.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

83.     Plaintiff, and upon information and belief, all similarly situated employees, were paid week to week at the same flat rate of pay regardless of the actual hours worked.

84.     Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum and overtime wage rate.

85.     Defendants failed to post required wage and hour posters in the restaurant and did not provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

86.     Plaintiff was paid his wages in cash.

87.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) his full hours worked, (2) for overtime due, and (3) for spread of hours pay.

88. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

89. Moreover, at all times Defendants required Plaintiff who was designated as a tipped employee, such as all other delivery workers, to perform the jobs of multiple employees in addition to his primary responsibilities. These additional, non-related, and non-tipped duties occupied more than two hours of Plaintiff's workday.

90. Defendants paid Plaintiff at the lowered tip-credited rate, however Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

91. Plaintiff was employed ostensibly as a delivery worker (tipped employee) by Defendants, although his actual duties included greater or equal time spent in non-delivery, non-tipped functions such as those described above.

92. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day.. in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56 (e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

93. Plaintiff's duties were not incidental to his occupation as delivery workers, but instead constituted entirely unrelated occupations with duties including the duties outlined above

94. Since Plaintiff spent as much as half or more of his workday in non-tipped, non-delivery functions, Defendants were not entitled to take a tip credit with respect to his wages.

95. In violation of federal and state law as codified above, Defendants classified Plaintiff as tipped employee and paid him below minimum wage when they should have classified him as non-tipped employee and paid him at the minimum wage rate for all the hours he worked.

## FLSA COLLECTIVE ACTION CLAIMS

96. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

97. At all relevant times, Plaintiff, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

98. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to

hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation.

100. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

102. Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103. Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

105. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

106. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

107. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

109. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

110. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Labor Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rates and methods of any compensation.

111. Defendants, in violation of the NYLL, paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

112. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Labor Law § 663.

113. Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

114. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

115. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

116. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

- 13 -

117. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

118. Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

119. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

120. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

121. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiffs's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

122. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting him promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d) Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

(f) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(k) Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(m)    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff prejudgment and postjudgment interest as applicable;

(p)    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees pursuant to applicable provisions of the FLSA and the New York Labor Law; and

(q)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 10, 2012

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
    Michael Faillace

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*